IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES COOK, *et al.*,

    Plaintiffs,

v.

GORDON FLESCH CO., INC.,

    Defendant.

Case No. 2:18-cv-711

JUDGE ALGENON L. MARBLEY

Magistrate Judge Vascura

## OPINION & ORDER

This matter comes before the Court on Plaintiffs' Motion for Conditional Class Certification. (ECF No. 5). Plaintiffs seek to conditionally certify a class based on alleged violations of the Age Discrimination in Employment Act ("ADEA"). This Motion is fully briefed and ripe for review. For the reasons set forth below, Plaintiffs' Motion is **DENIED.**

### I.    BACKGROUND

#### A. Factual Background

Plaintiffs Charles Cook, Robert Rosen, and Walter Peterseim are former employees of Defendant, Gordon Flesch Co., Inc., in Columbus, Ohio. Plaintiffs allege that they faced various types of discrimination, including but not limited to, age discrimination. Plaintiffs allege that this discrimination led Gordon Flesch to terminate their employment. Plaintiffs now seek to conditionally certify a collective action under the ADEA and 29 U.S.C. §§ 216(b), 626(b).

#### B. Procedural Background

Plaintiffs Cook and Rosen filed their Complaint on July 20, 2008. (ECF No. 1). They then filed a Motion for Conditional Certification of Collective Action Class on July 26, 2018.

1

(ECF No. 5). They filed a First Amended Complaint, adding Peterseim's claims, (ECF No. 11) before Gordon Flesch filed their Response in Opposition to the Plaintiffs' Motion for Conditional Certification (ECF No. 13). Plaintiffs then filed a Reply. (ECF No. 15). In neither the original Complaint, the Motion for Conditional Certification, nor the First Amended Complaint did Plaintiffs include any declarations. Rather counsel attached the declarations and other evidence in Plaintiffs' Reply brief. After briefing was completed on the Motion for Conditional Certification, Plaintiffs filed a Second Amended Complaint. (ECF No. 29). The Second Amended Complaint added claims not at issue in this Motion for Conditional Certification.

## II. LAW AND ANALYSIS

Plaintiffs bringing claims under the ADEA may seek conditional certification of a collective action under 29 U.S.C. 626(b), which incorporates the standard of 29 U.S.C. § 216(b), the same provision that authorizes collective actions for FLSA violations. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989). The lead plaintiff bears the burden to show that the proposed class members are similarly situated to the lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23. *Id.* In FLSA class actions, "class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (unpublished).

The conditional certification stage requires that plaintiffs make only a "modest factual showing" that they are similarly situated to proposed class members. *Comer*, 454 F.3d at 547.

*See also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015). The standard at the first step is "fairly lenient…and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (internal citations omitted). Although lenient, plaintiffs seeking conditional certification "must present some *evidence* to support allegations that others are similarly situated." *Sisson v. OhioHealth Corp.*, 2013 WL 6049028, at *2 (S.D. Ohio Nov. 14, 2013). In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread…plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

Gordon Flesch argues that conditional certification is inappropriate in part because "plaintiffs offer no evidence to support the notion of a single decision, policy, or plan" that bases employee terminations on age. (ECF No. 13 at 6). As Plaintiffs have acknowledged in their Reply, their declarations and other evidence were inadvertently omitted from their Motion for Conditional Certification. (ECF No. 15 at 3). Plaintiffs attempted to correct this oversight by adding the evidence to their Reply. But "a moving party may not raise new issues for the first time in its reply brief," *Bishop v. Oakstone Academy*, 477 F.Supp.2d 876, 889 (S.D. Ohio 2007), and "[e]vidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition." S.D. Ohio Civ. R. 7.2(d). This evidence is not rebuttal evidence. Rather, Plaintiffs were required to submit the evidence prior to, or simultaneously with, their Motion for Conditional Certification. Without these additional documents, this Court is without any evidence upon which to make a finding as to the appropriateness of conditional certification. Therefore, Plaintiffs' Motion is **DENIED.**

Plaintiffs may renew their motion for conditional certification along with the proper evidence supporting their request.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is hereby **DENIED.**

**IT IS SO ORDERED.**

                                  **s/Algenon L. Marbley**
                                  **ALGENON L. MARBLEY**
                                  **UNITED STATES DISTRICT JUDGE**

**DATED: March 26, 2019**